**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
11/18/2025
CT Log Number 550675400

## Service of Process Transmittal Summary

**TO:**    Gabriela Lopez, Paralegal
Uber Technologies, Inc.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE:**    **Process Served in Illinois**

**FOR:**    RASIER, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PRATIBHA TRIPATHI // To: RASIER, LLC |
| **DOCUMENT(S) SERVED:** | Original Summons, Return, Complaint, Jury Demand, Affidavit |
| **COURT/AGENCY:** | DuPage County Circuit Court, IL<br>Case # 2025LA001464 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 01/28/2024 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/18/2025 at 15:43 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons not counting the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Bhavani Raveendran<br>Raveendran Law LLC<br>4849 N. Milwaukee Avenue<br>Chicago, IL 60630<br>872-361-2302 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/19/2025, Expected Purge Date: 11/24/2025<br><br>Image SOP<br><br>Email Notification,  Claims Lit  intake@uber.com<br><br>Email Notification,  Sara Hernandez  shernandez@uber.com<br><br>Email Notification,  Melanie Hernandez  hernandezm@uber.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
11/18/2025
CT Log Number 550675400

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Nov 18, 2025
**Server Name:** David Meneses

| Entity Served | RASIER, LLC |
|---|---|
| Case Number | **2025LA001464** |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |



SUMMONS - CIRCUIT COURT        SCR 101(d)                                                                3101 (Rev. 3/24)

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DU PAGE COUNTY, ILLINOIS

PRATIBHA TRIPATHI

_____
PLAINTIFF

vs

STEVEN MILLER, RASIER
LLC,UBER TECH, INC., JOHN DOE
_____
DEFENDANT

2025LA001464
_____
**CASE NUMBER**

**SUMMONS**
**CIRCUIT COURT**

[X] ORIGINAL  [ ] ALIAS

File Stamp Here

To each defendant:  RASIER, LLC: R/A C T CORP. SYSTEM; 208 SO LASALLE ST., STE. 814, CHICAGO, IL 60604

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

You are a party to a civil matter. Read all documents attached to this Summons. Typically, this means you must file an official document with the court, within the time stated on this Summons, called an "Appearance" and a document called an "Answer/ Response". Note the Answer/Response is not required for small claims and eviction cases unless ordered by the court. If these documents are not filed on time the court may decide the case without hearing from you, and you could be held in default and lose the case.

Documents must be filed electronically with the court (e-filed), which requires an account be created with an Illinois e-filing service provider, see ilcourts.info/efiling. If you are unable to e-file, you can obtain an exemption that allows filing in-person or by mail.

You may be charged filing fees. If you are unable to pay them, you can file an Application for Waiver of Court Fees. A judge will rule on your eligibility for a fee waiver.

The court may allow you to attend the first court date in this case by videoconference. Visit 18thjudicial.org to find the Zoom link for this case on your court date. Contact the Circuit Court Clerk's office at (630)407-8700 for more information.

Need more help? Visit ilcourthelp.gov or call/text Illinois Court Help at (833)411-1121 for information about going to court, including how to fill out legal documents. Also, free legal information and referrals are available at illinoislegalaid.org. Document forms referred to in this Summons can be found at 18thjudicial.org or ilcourts.info/forms.

¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al (833)411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

### To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of remote appearance. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

Date of Service:_____

To be inserted by officer on copy left with Defendant or other person.

Name BHAVANI RAVEENDRAN        [ ] Pro Se

DuPage Attorney Number: ~~6309968~~

Attorney for: PLAINTIFF  a

Address: 4849 N. MILWAUKEE AVE.

City/State/Zip:  CHICAGO/IL/60630

Telephone Number: 872-361-2302

Email: BHAVANI@BRWARRIERLAW.COM

WITNESS: **CANDICE ADAMS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, at Wheaton, Illinois.

DATED: _____  M

_____
Clerk, Eighteenth Judicial Circuit

**CANDICE ADAMS, CLERK OF THE 18ᵀᴴ JUDICIAL CIRCUIT COURT**
**WHEATON, ILLINOIS**

(Rev 3/24)

## SUMMONS RETURN

I certify that I served this summons on defendant as follows:

☐    (a)    Individual - personal:
By leaving a copy and a copy of the complaint with each individual personally.

☐    (b)    Individual - abode:
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of the family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode.

☐    (c)    Corporate:
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation.

☐    (d)    Other Service: _____

☐    (e)    Unable to Serve:_____

Name of Defendant _____     Name of Defendant _____

Name of Person
Summons Given to _____     Name of Person
Summons Given to _____

Sex _____ Race _____ Approx. Age _____     Sex _____ Race _____ Approx. Age _____

Place of Service_____     Place of Service_____

City/State _____     City/State_____

Date of Service_____ Time _____     Date of Service_____ Time _____

Special Process Server of _____

By_____ Illinois License Number _____

Sheriff of_____ County

By _____ Deputy Badge Number _____

Sheriff's Fees

    Service and Return ........................................................$ _____

    Miles _____ ........................................$ _____

    **Total** ........................................................$ _____

**CANDICE ADAMS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS**

e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 35341869
2025LA001464
FILEDATE: 11/13/2025 10:00 AM
Date Submitted: 11/13/2025 10:00 AM
Date Accepted: 11/13/2025 2:47 PM

**IN THE CIRCUIT COURT OF THE 18ᵀᴴ JUDICIAL CIRCUIT**
**DUPAGE COUNTY ILLINOIS, LAW DIVISION**

| | | |
|---|---|---|
| PRATIBHA TRIPATHI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 25 L |
| | ) | **2025LA001464** |
| Vs. | ) | |
| | ) | |
| STEVEN MILLER, individually and as an agent of | ) | |
| Uber Technologies, Inc. and/or Rasier LLC, UBER | ) | |
| TECHNOLOGIES, INC., RASIER, LLC, | ) | |
| John Doe X, John Doe Y, and John Doe Z, | ) | |
| | ) | *Jury Demanded* |
| Defendants. | ) | |
| | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff Pratibha Tripathi, by and through her attorneys Kunnatha Lawson LLC and Raveendran Law LLC, and for her Complaint against Defendants Steven Miller, Uber Technologies, Inc., Rasier, LLC, and John Doe Defendants X, Y, and Z, pleading hypothetically and in the alternative where applicable, states as follows:

### NATURE OF THE ACTION

1. This suit is an action for personal injuries and damages arising out of a motor vehicle incident in which Plaintiff was seriously injured when she was riding as a passenger in Defendant STEVEN MILLER's rideshare vehicle traveling from Hinsdale, IL to South Bend, IN, on or about January 28, 2024.

### JURY DEMAND

2. The Plaintiff demands a trial by jury.

### PARTIES

Page 1 of 12

3. Plaintiff, Pratibha Tripathi, is and was at all times mentioned herein a resident of the Count of St. Joseph, State of Indiana.

4. Defendant STEVEN MILLER (hereafter "MILLER") was at all times mentioned herein, a resident of DuPage County, Illinois, acting while driving on-duty as a rideshare driver for UBER.

5. Defendant UBER TECHNOLOGIES, INC. (hereafter "UBER") is a corporation organized and existing under the laws of the State of Delaware, and is a foreign corporation registered to do business in the State of Illinois and doing business in DuPage County, Illinois under the name Uber, Uber Technologies, Inc., and Rasier LLC.

6. At all times relevant, UBER TECHNOLOGIES, INC., has transacted business in the State of Illinois, and in DuPage County, Illinois by making its application available to riders and its driver-partners within those jurisdictions.

7. At all times relevant, UBER TECHNOLOGIES, INC., does continuous and systematic business within the State of Illinois by availing itself to the business opportunities there, advertising its services and employment opportunities directly to Illinois residents, receiving money from its Illinois customers, and paying money to its Illinois employees.

8. Defendant RASIER, LLC (hereafter "Rasier") is a corporation organized and existing under the laws of the State of Delaware, and is a foreign corporation registered to do business in the State of Illinois and doing business in DuPage County, Illinois under the name Rasier LLC, Uber, and Uber Technologies, Inc.

9. At all times relevant, Rasier LLC has transacted business in the State of Illinois, and in DuPage County, Illinois by making its application available to riders and its driver-partners within those jurisdictions.

10. At all relevant times, Rasier LLC has been a subsidiary of UBER and does continuous and systematic business within the State of Illinois by availing itself to the business opportunities there, advertising its services and employment opportunities directly to Illinois residents, receiving money from its Illinois customers, and paying money to its Illinois employees.

11. Venue is proper in DuPage County, Illinois pursuant to 735 ILCS 5/2-103 because Defendant Steven Miller resides in DuPage County and Defendants Uber and Raiser LLC conduct business in DuPage County.

12. At all relevant times herein, Defendant MILLER, was an actual agent, apparent agent, or employee of Defendant, RASIER LLC.

13. At all relevant times herein, Defendant MILLER, was an actual agent, apparent agent, or employee of Defendant, UBER.

## FACTS

14. At all times relevant to the incident involved in this action, a 2022 Chevrolet Malibu vehicle driven by Defendant Miller, in which Plaintiff was a passenger, was owned, operated, and/or used in furtherance of the business of all Defendants.

15. At all times relevant to the incident involved in this action, Defendant Miller was an agent and/or employee of Defendants Uber, Rasier, and/or John X, Y, and Z Defendants, acting within the course and scope of said agency and/or employment.

Page 3 of 12

16. At all relevant times herein, Defendants RASIER and UBER controlled Defendant Miller by screening applicant backgrounds to approve or deny applicants from becoming drivers like Defendant Miller, providing him access to their intellectual property, such as cell phone applications, which allowed him to use UBER's dispatch services that were essential to his work, barring unapproved drivers from using its intellectual property, providing him with clients in need of ride sharing services, and requiring drivers like Defendant Miller to register their personal vehicles, and prohibiting vehicles over 10 years old from being used.

17. On January 28, 2024, Defendant Miller, was operating a motor vehicle in connection with the use of the RASIER/UBER application using account credentials issued under a contract with UBER/RASIER to provide transportation services.

18. On January 28, 2024, Plaintiff called a rideshare through the Uber smart-phone application to a location in Hinsdale, Illinois.

19. On January 28, 2024, Defendant Miller, using the Uber application as a an authorized rideshare operator and agent, became aware of Plaintiff calling for a ride and picked her up.

20. On January 28, 2024, Plaintiff became a customer and/or passenger of Uber, Rasier LLC, by and through their authorized agent Defendant Miller, and entered the vehicle.

21. On or about January 28, 2024, Defendant Miller was transporting Plaintiff as a rideshare passenger in Defendants' rideshare vehicle in furtherance of all Defendants' business.

22. While on the highway, Defendant Miller drove his vehicle at a high rate of speed and swerved his vehicle so sharply that Plaintiff's body swung from the right side of the vehicle to the left side causing her head and upper body to violently strike the left rear passenger door.

23. The force of the impact from Plaintiff's head and body striking the door caused the Plaintiff to suffer serious brain injury along with injuries to her neck and shoulder.

24. The loud sound of Plaintiff's head and body striking the door caused Defendant Miller to slow down and pull over as Plaintiff was visibly injured.

25. Defendant Miller was driving recklessly causing Plaintiff's body to swing to the opposite side of the vehicle and strike her head and body on the door.

26. The incident was reported to Defendants Uber and/or Rasier immediately after Defendant Miller pulled over and stopped the vehicle.

27. As a result of the impact, Plaintiff suffered severe and painful injuries to her body, which have required extensive medical treatment including brain surgery.

### COUNT I – NEGLIGENCE
(*Pratibha Tripathi, Plaintiff, v. Steven Miller, individually and as agent of Uber Technologies, Inc. and/or Rasier LLC*)

28. Plaintiff incorporates paragraphs 1 through 27 herein by reference.

29. On a date before January 28, 2024, Uber and/or Rasier hired and/or accepted Defendant Miller as a rideshare driver after completing a background check for Defendant Miller.

30. On a date before January 28, 2024, Uber and/or Rasier required Defendant Miller to complete other prerequisites before becoming a rideshare driver, including but not limited to paperwork and testing before transporting passengers.

31. Before and including January 28, 2024, Defendant Miller was acting as an apparent and actual agent of Uber and/or Rasier.

32. Before and including January 28, 2024, Defendant Miller received income from Uber and/or Rasier.

33. Before and including January 28, 2024, Defendant Miller provided income and/or a financial benefit to Uber and/or Rasier through his work as a rideshare driver.

34. Before and including January 28, 2024, Defendant Miller could not perform his work without the Uber phone application.

35. Before and including January 28, 2024, Defendant Miller could not perform his work as an Uber rideshare driver without following Uber and/or Rasier's rules, policies, and procedures.

36. It was the duty of Defendant Stephen Miller, before and at the time of the occurrence, to use ordinary care and caution when operating his rideshare vehicle while on duty, and to use ordinary care and caution in the operation, management, maintenance, and control of his vehicle to avoid placing himself or others in danger.

Notwithstanding said duty, Stephen Miller, committed one or more of the following omissions:

    a. Negligently failing to operate his vehicle at a safe speed;

    b. Driving at a speed that was unsafe for conditions;

    c. Operating his vehicle recklessly;

    d. Violating pertinent rules of the road with such violations amounting to negligence per se; and/or

    e. Otherwise acting negligently.

37. As a result of one or more of the aforementioned acts and/or omissions, Plaintiff Pratibha Tripathi was severely injured.

38. As a result of one or more of the aforementioned acts and/or omissions, Plaintiff Pratibha Tripathi suffered injuries of a personal and pecuniary nature, including but not limited to past

and future pain and suffering, past and future loss of normal life, past and future medical expenses, and other damages.

WHEREFORE, Plaintiff Pratibha Tripathi, requests this Honorable Court enter judgment against Defendant Stephen Miller in an amount in excess of $50,000.00 and for such other relief that this Court deems fair and just.

## COUNT II– NEGLIGENCE
### (*Pratibha Tripathi, Plaintiff, v. Uber Technologies, INC.,*)

39. Plaintiff incorporates paragraphs 1 through 33 herein by reference.

40. It was the duty of Defendant Uber, through its employees and/or agents, including, but not limited to Defendant Miller, before and at the time of the occurrence, to exercise ordinary care and caution in the operation, management, maintenance, and control of its motor vehicles to avoid placing others in danger and to exercise ordinary care at all times to avoid injury to other persons and property, including Plaintiff, Pratibha Tripathi.

41. Notwithstanding said duty, Uber, by and through its employees, agents, servants, and/or drivers, committed one or more of the following acts and/or omissions:

    a. Negligently failing to operate the vehicle at a safe speed;

    b. Driving at a speed that was unsafe for conditions;

    c. Operating the vehicle recklessly;

    d. Violating pertinent rules of the road with such violations amounting to negligence per se;

    e. Failing to properly instruct, train, and/or supervise its employees or agents, including Defendant Miller;

    f.  Negligently hiring and/or retaining its employees and/or agents, including Defendant Miller;

    g.  Negligently entrusting Defendant Miller as a driver when said driver was reckless and incompetent, or alternatively, negligently relying on agents or employees of all Defendants; and/or

    h.  Otherwise acting negligently.

42. Uber is tortiously liable under the doctrines of respondeat superior, agency, apparent agency, and/or joint venture for the tortious acts and omissions of their agents and employees, including Defendant Miller, as set forth herein.

43. As a result of one or more of the aforementioned acts and/or omissions, Plaintiff Pratibha Tripathi was severely injured.

44. As a result of one or more of the aforementioned acts and/or omissions, Plaintiff Pratibha Tripathi suffered injuries of a personal and pecuniary nature, including but not limited to past and future pain and suffering, past and future loss of normal life, past and future medical expenses, and other damages.

    WHEREFORE, Plaintiff Pratibha Tripathi, requests this Honorable Court enter judgment against Defendant Uber Technologies, Inc. in an amount in excess of $50,000.00 and for such other relief that this Court deems fair and just.

## COUNT III– NEGLIGENCE
*(Pratibha Tripathi, Plaintiff, v. Rasier, LLC)*

45. Plaintiff incorporates paragraphs 1 through 39 herein by reference.

46. It was the duty of Defendant Rasier LLC, through its employees and/or agents, including, but

not limited to Defendant Miller, before and at the time of the occurrence, to exercise ordinary care and caution in the operation, management, maintenance, and control of its motor vehicles to avoid placing others in danger and to exercise ordinary care at all times to avoid injury to other persons and property, including Plaintiff, Pratibha Tripathi.

47. Notwithstanding said duty, Rasier LLC, by and through its employees, agents, servants, and/or drivers, committed one or more of the following acts and/or omissions:

    a. Negligently failing to operate the vehicle at a safe speed;

    b. Driving at a speed that was unsafe for conditions;

    c. Operating the vehicle recklessly;

    d. Violating pertinent rules of the road with such violations amounting to negligence per se;

    e. Failing to properly instruct, train, and/or supervise its employees or agents, including Defendant Miller;

    f. Negligently hiring and/or retaining its employees and/or agents, including Defendant Miller;

    g. Negligently entrusting Defendant Miller as a driver when said driver was reckless and incompetent, or alternatively, negligently relying on agents or employees of all Defendants; and/or

    h. Otherwise acting negligently.

48. Rasier LLC is tortiously liable under the doctrines of respondeat superior, agency, apparent agency, and/or joint venture for the tortious acts and omissions of their agents and employees, including Defendant Miller, as set forth herein.

49. As a result of one or more of the aforementioned acts and/or omissions, Plaintiff Pratibha Tripathi was severely injured.

50. As a result of one or more of the aforementioned acts and/or omissions, Plaintiff Pratibha Tripathi suffered injuries of a personal and pecuniary nature, including but not limited to past and future pain and suffering, past and future loss of normal life, past and future medical expenses, and other damages.

WHEREFORE, Plaintiff Pratibha Tripathi, requests this Honorable Court enter judgment against Defendant Rasier LLC in an amount in excess of $50,000.00 and for such other relief that this Court deems fair and just.

## COUNT III– NEGLIGENCE
*(Pratibha Tripathi, Plaintiff, v. John Doe X, John Doe Y, & John Doe Z)*

51. Plaintiff incorporates paragraphs 1 through 45 herein by reference.

52. It was the duty of Defendants John Doe X, John Doe Y, & John Doe Z, before and at the time of the occurrence to use ordinary care for the safety of Plaintiff, Pratibha Tripathi.

53. Notwithstanding said duty, Defendants John Doe X, John Doe Y, & John Doe Z, by and through its employees, agents, servants, and/or drivers, committed one or more of the following acts and/or omissions:

    a. Negligently failing to operate the vehicle at a safe speed;

    b. Driving at a speed that was unsafe for conditions;

    c. Operating the vehicle recklessly;

    d. Violating pertinent rules of the road with such violations amounting to negligence per se;

    e.   Failing to properly instruct, train, and/or supervise its employees or agents, including Defendant Miller;

    f.   Negligently hiring and/or retaining its employees and/or agents, including Defendant Miller;

    g.   Negligently entrusting Defendant Miller as a driver when said driver was reckless and incompetent, or alternatively, negligently relying on agents or employees of all Defendants; and/or

    h.   Otherwise acting negligently.

54. Defendants John Doe X, John Doe Y, & John Doe Z are tortiously liable under the doctrines of respondeat superior, agency, apparent agency, and/or joint venture for the tortious acts and omissions of their agents and employees, including Defendant Miller, as set forth herein.

55. As a result of one or more of the aforementioned acts and/or omissions, Plaintiff Pratibha Tripathi was severely injured.

56. As a result of one or more of the aforementioned acts and/or omissions, Plaintiff Pratibha Tripathi suffered injuries of a personal and pecuniary nature, including but not limited to past and future pain and suffering, past and future loss of normal life, past and future medical expenses, and other damages.

WHEREFORE, Plaintiff Pratibha Tripathi, requests this Honorable Court enter judgment against Defendants John Doe X, John Doe Y, & John Doe Z in an amount in excess of $50,000.00 and for such other relief that this Court deems fair and just.

This 13th day of November, 2025.

Respectfully Submitted,

<u>/s/ Bhavani Raveendran</u>

One of Plaintiff's Attorneys

Bhavani Raveendran
ARDC No. 6309968
DuPage Attorney Number: 401646
Raveendran Law LLC
4849 N. Milwaukee Avenue
Chicago IL 60630
Tel: 872-361-2302
Email: bhavani@brwarrierlaw.com

Reena Emmanuel
ARDC No. 6331322
Kunnatha Lawson LLC
2200 Century Pkwy. NE
Suite 980
Atlanta, GA 30345
Ph. 404 633 4200
Email: reena@klgainjurylaw.com

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 35341869
2025LA001464
FILEDATE: 11/13/2025 10:00 AM
Date Submitted: 11/13/2025 10:00 AM
Date Accepted: 11/13/2025 2:47 PM
JN

**IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT DUPAGE COUNTY ILLINOIS, LAW DIVISION**

| | |
|---|---|
| PRATIBHA TRIPATHI, )<br><br>    Plaintiff, )<br><br>Vs. )<br><br>STEVEN MILLER, individually and as an agent of )<br>Uber Technologies, Inc. and/or Rasier LLC, UBER )<br>TECHNOLOGIES, INC., RASIER, LLC, )<br>John Doe X, John Doe Y, and John Doe Z, )<br><br>    Defendants. )<br>_____ ) | Case No.: 25 L<br><br>**2025LA001464**<br><br><br><br>*Jury Demanded* |

## JURY DEMAND

The undersigned demands a jury trial.

Respectfully submitted,

By: /s/ Bhavani Raveendran
One of Plaintiffs' attorneys

Bhavani Raveendran
ARDC No. 6309968
DuPage Attorney Number: 401646
Raveendran Law LLC
4849 N. Milwaukee Avenue
Chicago IL 60630
Tel: 872-361-2302
Email: bhavani@brwarrierlaw.com

Janice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 35341869
2025LA001464
FILEDATE: 11/13/2025 10:00 AM
Date Submitted: 11/13/2025 10:00 AM
Date Accepted: 11/13/2025 2:47 PM

## IN THE CIRCUIT COURT OF THE 18ᵀᴴ JUDICIAL CIRCUIT
## DUPAGE COUNTY ILLINOIS, LAW DIVISION

|  |  |  |
|---|---|---|
| PRATIBHA TRIPATHI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 25 L |
| | ) | |
| Vs. | ) | **2025LA001464** |
| | ) | |
| STEVEN MILLER, individually and as an agent of | ) | |
| Uber Technologies, Inc. and/or Rasier LLC, UBER | ) | |
| TECHNOLOGIES, INC., RASIER, LLC, | ) | |
| John Doe X, John Doe Y, and John Doe Z, | ) | |
| | ) | *Jury Demanded* |
| Defendants. | ) | |
| | ) | |

### AFFIDAVIT REGARDING DAMAGES SOUGHT

I, Bhavani Raveendran, being first duly sworn under oath, states as follows:

1. That your affiant is one of the attorneys of record for the party in this matter.

2. That the total money damages sought in this civil action exceed $50,000.

FURTHER AFFIANT SAYETH NOT.

Respectfully submitted,

By: /s/ Bhavani Raveendran _____
One of Plaintiffs' attorneys

[X]  Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993), I certify that the statements set forth herein are true and correct.

Bhavani Raveendran
ARDC No. 6309968
DuPage Attorney Number: 401646
Raveendran Law LLC
4849 N. Milwaukee Avenue
Chicago IL 60630
Tel: 872-361-2302
Email: bhavani@brwarrierlaw.com